IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER WALDON                                                    PLAINTIFF

v.                          CIVIL NO. 24-cv-02103

LELAND DUDEK,[1] Acting Commissioner                              DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Heather Waldon, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed her applications for DIB and SSI on January 13, 2022. (Tr. 60). In her applications, Plaintiff alleged disability beginning on August 31, 2021, due to back disc issues and arthritis in her back. (Tr. 60, 348). An administrative hearing was held via telephone on August 22, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 163–198). A vocational expert ("VE") also testified. *Id*.

---

[1] Leland Dudek has been appointed to serve as the Acting Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On October 19, 2023, the ALJ issued an unfavorable decision. (Tr. 57–80). The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2026. (Tr. 63). The ALJ found Plaintiff had the following severe impairments: chronic low back syndrome secondary to herniated nucleus pulposus at L4/5 and L5/S1 with right-sided sciatica, spondylosis of the thoracic spine, osteoarthritis, asthma, depression, and anxiety. (Tr. 63). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 63–65). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except limited to working in a controlled environment with no exposure to dust, fumes, or smoke in concentrated amounts or temperature extremes; limited to jobs involving simple tasks with no detailed or complex instructions and only occasional interaction with the public.
> (Tr. 65–72).

The ALJ found Plaintiff could not perform any of her past relevant work but, based upon the testimony of the VE, found that Plaintiff could perform the representative occupations of office helper, merchandise marker, and mail sorter. (Tr. 72–73). The ALJ further found that Plaintiff could perform sedentary level exertion jobs with the same limitations included in the RFC including tube clerk, surveillance systems monitor, and document preparer. (Tr. 73). The ALJ found Plaintiff was not disabled from August 31, 2021, through October 19, 2023, the date of the decision. (Tr. 73–74).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the RFC finding was contrary to the evidence as Plaintiff would not be capable of performing light work and required an assistive device; 2) whether the ALJ erred in analyzing Plaintiff's subjective complaints; and 3) whether the ALJ erred at step five due to an incomplete hypothetical to the VE. (ECF No. 12). Defendant argues that the ALJ properly evaluated Plaintiff's RFC, including her cane use, and her subjective complaints. (ECF No. 14). Defendant argues that the ALJ's hypotheticals to the VE reflected the ALJ's properly formed and supported RFC findings. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While the ALJ erroneously stated that the cane was never prescribed, Plaintiff has not shown medical necessity regarding the use of her cane. (Tr. 69, 162). Even with the evidence that Plaintiff frequently used

her cane, that is not enough to show the cane was medically necessary as opposed to preferred. *See Patricia M. v. Saul*, No. 18-CV-3462 (DSD/HB), 2020 WL 3633218, at *7 (D. Minn. Feb. 5, 2020), *report and recommendation adopted sub nom. McArdell v. Saul*, No. CV 18-3462(DSD/HB), 2020 WL 1951748 (D. Minn. Apr. 23, 2020). For the reasons stated in the ALJ's opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.   Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

IT IS SO ORDERED this 5th day of May 2025.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE